UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA, et al.,<br>        Plaintiffs,<br>    v.<br>PITTSBURG UNIFIED SCHOOL DISTRICT, et al.,<br>        Defendants. | Case No. 13-cv-04446-KAW<br><br>**ORDER DENYING MOTION FOR STAY PENDING APPEAL**<br><br>Re: Dkt. No. 63 |

Pittsburg Unified School District ("Defendant") moves for a stay pending appeal of this Court's June 11, 2014 order denying in part and granting in part the parties' cross motions for summary judgment. The motion has been fully briefed and is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). The hearing currently set for August 21, 2014 is hereby VACATED, and Defendant's motion is DENIED, for the reasons set forth below.[1]

Courts consider four factors in determining whether to grant a stay pending appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Those are: (1) whether the moving party has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of a stay will substantially injure the other parties to the proceeding, and (4) where the public interest lies. *Id.* The moving party bears the burden of establishing each of the four factors. *Nken v. Holder*, 556 U.S. 418, 433 (2009). "The first two factors . . . are the most critical." *Id.* In addition, the factors may be weighed on a sliding scale, where "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). For example, even

---

[1] The Court has already set out a detailed discussion of the factual and procedural background of this case in its June 11, 2014 order.

1   if the movant is unable to make a strong showing that it is likely to succeed on the merits, as long
2   as the "serious questions going to the merits" are raised, a stay may be appropriate "where the
3   balance of hardships tips sharply in [the party's] favor." *Id.* at 1131-32.  The scale only slides so
4   far, however; "simply showing some possibility of irreparable injury . . . fails to satisfy the second
5   factor." *See Nken*, 556 U.S. at 435.

6   Defendant argues that the Court should grant its motion because a notice of appeal
7   effectively stays a district court's order and divests it of jurisdiction.  (Def.'s Mot. at 3, Dkt. No.
8   63.)  It also argues that it otherwise satisfies the factors the Court is to apply in determining
9   whether to grant the motion.  (*Id.* at 4.)  Neither argument is persuasive.

10  As to its first argument, while filing a notice of appeal confers jurisdiction on the Court of
11  Appeals and divests the district court of its control over the aspects of the case involved in the
12  appeal, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam), a
13  party must first seek a stay pending appeal in the district court, *see* Fed. R. App. P. 8(a).  The
14  Court therefore rejects the argument that it somehow lacks jurisdiction over this case as it
15  concerns the instant motion.

16  With respect to Defendant's second argument, Defendant cannot make the requisite
17  showing.  A party moving for a stay pending appeal must show that irreparable harm is probable
18  absent a stay.  *Leiva-Perez*, 640 F.3d at 965.  If the party cannot make this showing, "then a stay
19  may not issue, regardless of the [movant's] proof regarding the other stay factors.  *Id.*; *Nken*, 556
20  U.S. at 435.

21  Here, Defendant contends that if a stay does not issue, it will suffer irreparable injury, i.e.,
22  an "[i]rreparable *waste* of time and money," because it will have to conduct a psychoeducational
23  assessment at "considerable expense, wasting scarce resources for a potentially futile assessment
24  that is rendered moot by its successful appeal."  (Def.'s Mot. at 4; Def.'s Reply at 3, Dkt. No. 69
25  (emphasis in original).)  While Defendant describes the psychoeducational assessment as "futile"
26  and a waste of "scarce time and money," it is well established that "monetary injury is not
27  normally considered irreparable."  *Los Angeles Memorial Coliseum Comm'n v. N.F.L.*, 634 F.2d
28  1197, 1202 (9th Cir. 1989); *Rent-A-Center v. Canyon Television*, 944 F.2d 597, 603 (9th Cir.

1991) ("[E]conomic injury alone does not support a finding of irreparable harm."). Accordingly, Defendant has failed to show any possibility, much less a likelihood, that it will suffer irreparable harm. As controlling law dictates that a stay may not issue in cases, where, as here, the movant has failed to show probable irreparable harm, an analysis of the remaining factors is not necessary. *See Nken*, 556 U.S. at 435; *Leiva-Perez*, 640 F.3d at 965 ("[A] proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay.").

Therefore, Defendant's motion for a stay pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated:   08/05/2014

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

3